IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

SHAUN ALLEN HALL,

        Plaintiff,

        v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 2:21-cv-00993-HL

OPINION & ORDER

MOSMAN, J.,

        On June 15, 2022, Magistrate Judge Andrew Hallman issued his Findings and Recommendation ("F&R") [ECF 15], recommending that I affirm the Commissioner of the Social Security Administration's decision to deny Plaintiff's application for Disability Insurance Benefits ("DIB"). Plaintiff filed timely objections to the F&R [ECF 17]. The Commissioner filed a timely response to those objections [ECF 18]. Upon review, I agree with Judge Hallman.

## DISCUSSION

        The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See*

1 – OPINION & ORDER

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff objects to the F&R's reliance on the ALJ's calculation of Plaintiff's date last insured ("DLI"). Obj. to F&R [ECF 17] at 2. He contends this incorrect calculation led to the omission of an updated MRI from the medical record. *Id.* Plaintiff did not raise this argument before Judge Hallman, so I need not consider it here. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). Moreover, Plaintiff bases this argument on a section from the Social Security Administration's Programs Operations Manual System ("POMS"), which is merely "an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010). Thus, an ALJ's departure from POMS is not grounds to reverse her decision. *See Roberts v. Comm'r Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011) (declining to "review allegations of non-compliance" of a similarly nonbinding agency manual) (internal quotation marks omitted).

## CONCLUSION

Upon review, I agree with Judge Hallman's recommendation, and I ADOPT the F&R [ECF 15] as my own opinion. Accordingly, I AFFIRM the Commissioner's decision and dismiss this case with prejudice.

IT IS SO ORDERED.

DATED this 26 day of July, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge

2 – OPINION & ORDER